UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT


Diane B.,

        Plaintiff,

        v.                                    Civil Action No. 2:18–cv–1–jmc

Commissioner of Social Security,

        Defendant.


## <u>OPINION AND ORDER</u>
(Docs. 14, 16)

Plaintiff Diane B. brings this action pursuant to 42 U.S.C. § 405(g) of the

Social Security Act, requesting review and remand of the decision of the

Commissioner of Social Security denying her application for Disability Insurance

Benefits (DIB).  Pending before the Court are Plaintiff's motion to remand the

Commissioner's decision for further proceedings and a new decision (Doc. 14),

and the Commissioner's parallel motion to remand the Commissioner's decision

for further proceedings and a new decision (Doc. 16).  This is an unusual case, as

the parties agree that the claim should be remanded but disagree regarding the

terms of the remand order, particularly, whether the order should include a

requirement that a hearing be held.  (*See* Doc. 16 at 5–6, Doc. 18 at 1–3.)

For the reasons explained below, the Court GRANTS Plaintiff's motion to remand (Doc. 14), in part; GRANTS the Commissioner's motion to remand (Doc. 16); and REMANDS the claim for further proceedings and a new decision.[1]

## **Procedural and Factual Background**

Plaintiff was 54 years old on her alleged disability onset date of December 30, 2010. She has a high school education and experience working as a laundry worker and a home health aide/personal care attendant. She lives with her husband.

On or around December 30, 2009, Plaintiff stopped working due to the following impairments: arthritis, depression, bladder issues, chronic obstructive pulmonary disease (COPD), pain in her hips and knees, high blood pressure, thyroid problems, and cholesterol issues. (AR 179–80.) In a December 2015

---

[1] Given the parties' agreement to remand Plaintiff's claim, it would be a waste of judicial resources for the Court to consider Plaintiff's substantive arguments at this time. In general, where, as here, the plaintiff and the Commissioner agree that the ALJ's decision contains a legal or factual error requiring remand, the best practice is for the parties to submit a stipulated order for the Court's signature, remanding the matter for further proceedings and a new decision, rather than the parties filing briefs disputing which issues should be considered and/or whether a hearing should be held on remand. *See Burns v. Astrue*, Civil No. 09–109–P–H, 2009 WL 4910483, at *1 (D. Me. Dec. 13, 2009) ("When this court remands a Social Security appeal before considering its merits because the parties agree that further action by the [C]ommissioner is warranted, it remands for the reasons and with the conditions to which the parties have agreed."). Clearly, the parties and the court all have an interest in the efficient administration of social security claims and the avoidance of unnecessary litigation. Voluntary remand motions are encouraged when the Commissioner discovers reversible error during litigation, and the court's involvement in the remand in those cases should be swift in order for the claim to proceed toward resolution. On remand, as discussed below, the Appeals Council may exercise discretion in regard to which ALJ findings it decides to affirm, modify, or reverse, 20 C.F.R. §§ 404.983, 416.1483; and it may do so based on the same arguments that counsel would present to the court. It makes little sense for the court to referee the scope of a voluntary remand order when the Commissioner retains decision-making discretion on remand. *See Burns*, 2009 WL 4910483, at *1 ("There is no need to spend the court's and the parties' time conducting oral argument on the merits of the current appeal when any . . . issues raised by that appeal may well be resolved by the remand to which the parties agree, but for a single phrase of unremarkable language.").

Function Report, Plaintiff stated that she is "very depressed" and "in so much pain." (AR 211.) She explained that she cannot stand, sit, or walk for lengthy periods (AR 209); and that her husband "has to take care of [her]," including cooking her dinner most nights (AR 211).

On April 28, 2011, Plaintiff filed her first DIB application (referred to herein as the "prior claim"), which was denied at the initial stage on June 29, 2011. She did not request reconsideration of the denial. A few years later, on November 25, 2015, Plaintiff filed her second DIB application, which is the claim under review in this litigation. (AR 160–61.) Therein, Plaintiff alleges disability from December 30, 2010 through her date last insured of March 31, 2011. The claim was denied initially and on reconsideration; and on April 12, 2017, Administrative Law Judge (ALJ) Thomas Merrill conducted an administrative hearing on the claim. (AR 30–47.) Plaintiff appeared and testified, with representation from counsel, as did a vocational expert.

On June 20, 2017, ALJ Merrill issued a decision denying Plaintiff's claim, finding that Plaintiff "was not under a disability . . . at any time from December 30, 2010, the alleged onset date, through March 31, 2011, the date last insured." (AR 25.) Despite the fact that Plaintiff was 54 years old on both the alleged disability onset date and the date last insured, the ALJ did not consider Plaintiff's "borderline age" status at step five of the sequential evaluation, erroneously explaining in his decision that, "[d]uring the entire relevant period in

this case, through her date last insured, [Plaintiff] did not change age category [and thus] [t]he [borderline age] exception does not apply." (AR 15.) The ALJ also denied Plaintiff's request to reopen the denial of her initial April 2011 claim, finding that the denial "is administratively final" and there is "no basis" to reopen it. (AR 25.)

Thereafter, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (AR 1–3.) Having exhausted her administrative remedies, Plaintiff filed the Complaint in this action on January 3, 2018. (Doc. 3.)

## Standard of Review

The Social Security Act defines the term "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A person will be found disabled only if it is determined that his "impairments are of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

In considering the Commissioner's disability decision, the court "review[s] the administrative record de novo to determine whether there is substantial evidence supporting the . . . decision and whether the Commissioner applied the

correct legal standard." *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002) (citing *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000)); *see* 42 U.S.C. § 405(g). The court's factual review of the Commissioner's decision is thus limited to determining whether "substantial evidence" exists in the record to support such decision. 42 U.S.C. § 405(g); *Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991); *see Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990) ("Where there is substantial evidence to support either position, the determination is one to be made by the factfinder."). "Substantial evidence" is more than a mere scintilla; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Poupore*, 566 F.3d at 305. In its deliberations, the court should bear in mind that the Social Security Act is "a remedial statute to be broadly construed and liberally applied." *Dousewicz v. Harris*, 646 F.2d 771, 773 (2d Cir. 1981).

## Summary of Arguments

Preliminarily, Plaintiff argues that the denial of her prior DIB claim is not administratively final. (Doc. 14 at 1–4.) According to Plaintiff, because ALJ Merrill reviewed the "entire record" in considering Plaintiff's current claim, and because the alleged disability periods of the prior and current claim overlap for the period from December 30, 2010 through March 31, 2011, the ALJ constructively reopened the prior claim. (*Id.* at 2.) Given that constructive reopening, Plaintiff contends ALJ Merrill should have corrected a clear error

contained in the decision on the prior claim: the ALJ's failure to consider Plaintiff's borderline age during the alleged disability period.[2] (*Id.* at 3.)

Moreover, Plaintiff claims that the error made in the decision on the prior claim was repeated in ALJ Merrill's 2017 decision regarding the claim at issue in this case: ALJ Merrill failed to properly consider Plaintiff's borderline age status. (*Id.* at 4.) Specifically, Plaintiff asserts that she was 54 years and 6 months old on her alleged disability onset date of December 30, 2010, and 54 years and 9 months old on her date last insured. (*Id.* at 5.) Thus, according to Plaintiff, she was in a "borderline age situation" during the entire period considered by the ALJ, and that should have been taken into account by using the older age category in determining whether she could do "other work" at step five of the ALJ's sequential analysis. *See Souliere v. Colvin*, Civil No. 2:13-cv-236-jmc, 2015 WL 93827, at *5 (D. Vt. Jan. 7, 2015) ("[T]he plain meaning of the applicable regulation requires the ALJ to consider the borderline age situation in cases like this, *regardless of whether the claimant actually reaches the older age category during the relevant period*." (emphasis added) (citing 20 C.F.R. § 404.1563(b) ("If

---

[2] The classifications in the Medical Vocational Rules, *see* 20 C.F.R. Part 404, Subpart P, Appendix 2 (the "Grids"), divide claimants into specific categories according to age, transferability of skills, and RFC. *See Id.* The Grids provide three distinct age categories: (1) under age 50 ("younger person"); (2) age 50–54 ("[p]erson closely approaching advanced age"); and (3) age 55 or older ("[p]erson of advanced age"). 20 C.F.R. § 404.1563(c)–(e). The regulations explain how these categories are to be applied in a borderline age situation, i.e., when a claimant's age overlaps between categories, and state that the Commissioner "will not apply the age categories mechanically in a borderline situation." *Id.* at § 404.1563(b). The regulations explain: "*If [the claimant is] within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age category after evaluating the overall impact of all the factors of your case.*" *Id.* (emphasis added). The parties agree that ALJ Merrill did not follows these regulations in his June 2017 decision.

you are within a few days to a few months of reaching an older age category . . . , we will consider whether to use the older age category"))).

The Commissioner agrees, stating that "remand is necessary because the [ALJ] did not consider [Plaintiff's] borderline age situation." (Doc. 16 at 1; *see id.* at 3 ("Remand is appropriate here because the ALJ did not properly consider whether a borderline age situation applied to [Plaintiff's] case.").) The Commissioner explains that, "because [Plaintiff's] 55th birthday was less than three months after the expiration of [her date last insured] on March 31, 2011, the ALJ should have considered it in his decision." (*Id.* at 3–4.) Although the Commissioner agrees that the ALJ erred and thus remand is required, she contends that "[t]he remand in this situation does not require the ALJ to have a new hearing" (*id.* at 5), because (1) the Social Security Administration Regulations do not explicitly state that a hearing must be held whenever a case is remanded, and (2) the Social Security Administration's Hearings, Appeals and Litigation Law Manual (HALLEX) indicates that a hearing is not required where, as here, the alleged disability period expired before the date of the hearing decision (*id.* at 5–6). The Commissioner states: "[Plaintiff] is not entitled to a supplemental hearing on remand as her [date last insured] expired on March 30, 2011, and [she] had an ALJ hearing, where she presented testimony, as recently as April 12, 2017." (*Id.* at 6 (citing AR 30–48).)

Plaintiff filed a "Limited Opposition" to the Commissioner's motion, wherein she argues that she is entitled to a hearing on remand. (Doc. 18.)

Plaintiff claims a remand is "only meaningful" to her "if she is given the opportunity to advocate for a favorable outcome." (*Id.* at 2.) Moreover, Plaintiff points out that the HALLEX policy relied on by the Commissioner is not deserving of controlling weight. (*Id.* (citing *Dority v. Comm'r of Soc. Sec.*, No. 7:14-CV-00285 (GTS/WBC), 2015 WL 5919947, at *5 (N.D.N.Y. Oct. 9, 2015) ("The Second Circuit has not yet determined whether or not HALLEX policies are binding; however, other Circuits and district courts within the Second Circuit have found that HALLEX policies are not regulations and therefore not deserving of controlling weight." (internal quotation marks omitted))). Finally, Plaintiff asserts that it would be inconsistent with the letter and spirit of 42 U.S.C. § 405(b), and with the general principles of administrative due process, to refuse Plaintiff a new hearing on remand. (Doc. 18 at 2–3.)

## Analysis

Pursuant to 42 U.S.C. § 405(g), the court "shall have [the] power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, *with or without remanding the cause for a rehearing*." (Emphasis added.) Remand to the Commissioner for further development of the evidence is appropriate when there are gaps in the administrative record or where the ALJ has applied an improper legal standard. *Rosa v. Callahan*, 168 F.3d 72, 82–83 (2d Cir. 1999). Here, the Commissioner concedes—and the Court agrees—that the ALJ applied an improper legal standard at step five of the sequential evaluation by failing to

consider Plaintiff's borderline age situation on the erroneous grounds that a borderline age situation applies only if a claimant changes age categories during the relevant period. (*See* AR 15, Doc. 16 at 3–4.) Therefore, remand is required. *See Torres v. Comm'r of Soc. Sec.*, No. 14-CV-6438P, 2015 WL 5444888, at *10 (W.D.N.Y. Sept. 15, 2015) ("[R]emand for further proceedings . . . is appropriate . . . [in part] because the ALJ has not yet evaluated the borderline age issue."); *Metaxotos v. Barnhart*, No. 04 Civ. 3006(RWS), 2005 WL 2899851, at *8 (S.D.N.Y. Nov. 3, 2005) ("[B]ecause it is the Commissioner who bears the burden at step five, it is her burden to establish that a case is not a borderline case where she relies on the [Grids] to deny a claim.").

The only remaining question is whether Plaintiff is entitled to a new administrative hearing on remand. The applicable Social Security Regulation provides as follows:

> When a Federal court remands a case to the Commissioner for further consideration, the Appeals Council, acting on behalf of the Commissioner, may make a decision, or it may remand the case to an [ALJ] with instructions to take action and issue a decision or return the case to the Appeals Council with a recommended decision.

20 C.F.R. § 404.983; *see id.* § 416.1483. This regulation provides discretion, when a case is remanded to the Commissioner, for the Commissioner to determine whether the Appeals Council or the ALJ should make the decision. *Id.*; *see Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1269 (11th Cir. 2007) ("When a court remands to the Commissioner, under section 405(g), the remanded case returns to the Appeals Council, which may, in its discretion, then remand the

case to the [ALJ].”); *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir. 1986) (“[T]he [Commissioner] has created and delegated to the Appeals Council all duties, powers[,] and functions relating to the review of hearing decisions under Title II of the [Social Security] Act.”); *Thibodeau v. Soc. Sec. Admin. Comm’r*, No. 1:10–cv–00371–JAW, 2011 WL 4344561, at *2 (D. Me. Sept. 13, 2011) (“Ultimately, it is not the Court’s role to direct how the Commissioner delegates responsibility for processing remand orders within the Administration.”), *report and recommendation adopted by* 2011 WL 4597501.  If the case is remanded by the Appeals Council to the ALJ, the process starts over again.  *See* 20 C.F.R. § 404.984.  If, on the other hand, the case is decided by the Appeals Council, then that decision is subject to judicial review.  *See id.*

As the Commissioner points out, HALLEX II-5-1-3 provides that a claimant is not entitled to a hearing on remand in a case like this, where the original administrative hearing occurred before the claimant’s date last insured. Specifically, the policy states:

> On remand, the [ALJ] shall offer the claimant the opportunity for a hearing[,] *except in a claim for Title II disability insurance benefits when the period at issue expired before the date of the hearing decision* . . . .  In those instances, the [ALJ] need not offer the claimant the opportunity for a hearing unless the [ALJ] finds that the facts warrant it.

(Emphasis added.)  Here, Plaintiff’s hearing occurred in April 2017, years after her date last insured of March 2011.  Plaintiff is correct, however, that, although the Second Circuit Court of Appeals has not reached the issue, some courts have

questioned the precedential value of HALLEX policies. *See, e.g.*, *Punch v. Barnhart*, No. 01 Civ. 3355(GWG), 2002 WL 1033543, at *18, n.3 (S.D.N.Y. May 21, 2002) ("[I]t is not clear that a violation of the procedures set forth in the HALLEX Manual is of any independent legal significance."); *Moore v. Apfel*, 216 F.3d 864, 868 (9th Cir. 2000) ("HALLEX is a purely internal manual and as such has no legal force and is not binding."). I find that the HALLEX policy applicable here has at least some advisory authority, given that ALJs are obliged to follow it. *See Newton v. Apfel*, 209 F.3d 448, 459 (5th Cir. 2000) ("While HALLEX does not carry the authority of law, this court has held that where the rights of individuals are affected, an agency must follow its own procedures, even where the internal procedures are more rigorous than otherwise would be required." (internal quotation marks omitted)). In any event, the Court need not rely on the HALLEX to determine whether a hearing is required in this case.

As noted above, the Court clearly has the authority to order a new hearing on remand. *See* 42 U.S.C. § 405(g) (decisions of the Commissioner may be reversed "with or without remanding the cause for a rehearing"); *Jordan v. Comm'r of Soc. Sec.*, Case No. 1:17 CV 33, 2017 WL 3034386, at *3 (N.D. Ohio July 18, 2017) ("[I]t is within the Court's power to decide whether to order a rehearing [on remand]."). Conversely, the Court has the authority to remand *without* a new hearing. *See* 42 U.S.C. § 405(g); *Dominick v. Bowen*, 861 F.2d 1330, 1332 (5th Cir. 1988) (remand required "only a new evaluation of the case in the light of a new legal standard," not "another hearing"). Plaintiff provides no

particular reason why a supplemental hearing is necessary in this case. Nothing in Plaintiff's initial motion or subsequent filing suggests that additional testimony may be required or that there are gaps in the evidence. (*See generally* Docs. 14, 18.) Rather, considering that the alleged disability period ended in March 2011, it appears that all the relevant testimony was presented at the April 2017 hearing. (*See* AR 30–47.) Before the hearing ended, the ALJ asked Plaintiff's counsel if there was anything more he wished to add to the record, and counsel replied: "I would again renew my request that a decision be made just on the record as it exists." (AR 45.) Therefore, the Court leaves it to the Commissioner, through the Appeals Council and the ALJ, to determine whether a supplemental hearing is required on remand. *See De Block v. Colvin*, No. 3:13-CV-1366 (LEK/ATB), 2015 WL 1178478, at *9 (N.D.N.Y. Mar. 13, 2015) (leaving decision whether a new hearing is warranted to the ALJ and Appeals Council). (*See* Doc. 16 at 6 ("[I]t is the decision of the ALJ [and the Appeals Council] whether the facts warrant a new hearing.").)

## Conclusion

For these reasons, and given the parties' agreement that remand is required due to the ALJ's failure to consider Plaintiff's borderline age situation (*see* Doc. 14 at 9, Doc. 16 at 1, Doc. 18 at 1), the Court GRANTS Plaintiff's motion to remand (Doc. 14), in part; GRANTS the Commissioner's motion to remand (Doc. 16); and REMANDS the claim for further proceedings and a new decision.

Dated at Burlington, in the District of Vermont, this 16th day of October 2018.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge